PD-0501-14
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS
Transmitted 7/2/2015 3:55:56 PM
Accepted 7/2/2015 4:21:02 PM
ABEL ACOSTA
CLERK

FILED IN
COURT OF CRIMINAL APPEALS

July 2, 2015

ABEL ACOSTA, CLERK

IN THE COURT OF CRIMINAL APPEALS
IN AND FOR THE STATE OF TEXAS

DAMIEN HERNANDEZ CORTEZ    X
    X
VS.    X        PDR 0501-14
    X
THE STATE OF TEXAS    X

## MOTION FOR REHEARING

Petitioner requests that the Court of Criminal Appeals rehear this matter and grant Petitioner a new trial based on the issue raised in the first ground of his petition for discretionary review, the mandatory presumption of intent to defraud applied in his case. Petitioner, the State, the Seventh Court of Appeals and now the Court of Criminal Appeals all agree that the jury found that Petitioner possessed items of identifying information belonging to only two people.[1] This means that all concerned parties are in agreement that the presumption substituted for the State's duty to prove that the items were possessed "with intent to defraud", contained in Texas Penal Code Section 32.51(b-1), should not apply. However, the jury was erroneously given instructions requiring that the

_____

[1] The Opinion of the Court so indicates at footnote 1, and the concurring Opinion so indicates at page 6.

1

presumption be applied without allocating any burden to the State or giving the jury the option to disregard the presumption. The Seventh Court of Appeals found that the mandatory presumption given was erroneous. That court opined, "While the charge at issue here incorporated the presumption itself, the four caveats that must accompany it were omitted. Yet, appellant did not object to their absence, so we look to see whether appellant was egregiously harmed by the error." Opinion page 7. The instruction put no burden on the State to prove the facts giving rise to the presumption, and bound the jury to apply the presumption. However, instead of determining whether independent proof of intent to defraud existed in the absence of the statutory presumption, the Seventh Court of Appeals simply found that there was sufficient proof of possession of the items belonging to Archer and Shook. That court concluded, "So, the record supports the inference that identifying information of only two people formed the basis of his conviction, and that, in turn, tends to render irrelevant the presumption arising from the possession of material belonging to three or more individuals." (Opinion from Seventh Court of Appeals at page 8).[2]

This conclusion fails logically for two reasons. First, the jury was not

---

[2]The Seventh Court of Appeals made no reference to the element "with intent to harm or defraud another" in reaching this holding.

2

required to find the facts supporting the presumption beyond a reasonable doubt. Within the container holding the items belonging to the two people the jury found beyond a reasonable doubt that Petitioner possessed, were items belonging to three other people. The jury charge regarding the presumption did not require that the jury find beyond a reasonable doubt that Petitioner possessed these other items in order to apply the presumption. The instructions put no burden on the State. Therefore, though the jury required fingerprint evidence to establish possession of the items belonging to Archer and Shook, any level of proof was sufficient to establish Petitioner's possession of items belonging to the other three named complainants in order to establish the presumption. Once the jury found possession under the reduced burden, it was required to apply the presumption substituted for proof of intent to defraud. Second, no proof of intent to defraud was presented at trial. The State did not offer any evidence demonstrating that Petitioner had any plans for the use of the items, or that he would have had any contact with the items once he exited the vehicle where the items were present. Petitioner had no ties, other than proximity, to the vehicle where the items were discovered. Nor was any evidence introduced connecting him with the container in which the items were found. There is no evidence demonstrating that Petitioner possessed the items of Archer and Shook with intent to defraud. Had the jury been

3

properly instructed, there was no evidence to support a guilty verdict.

The holding of the Seventh Court of Appeals is that an erroneous mandatory instruction to apply a presumption is given a jury is harmless error, if the requirements necessary for application of the presumption are not proved by the State. The holding is the direct opposite of logic. If there was clear evidence that the Petitioner had possessed items belonging to three or more persons, the mandatory presumption might not have harmed the Petitioner. However, under these circumstances, where all agree that the presumption should not have applied, Petitioner was egregiously harmed by the application of the mandatory presumption. This is true because of the lack of any proof of intent to defraud in the record.


## PRAYER

For the foregoing reasons, Petitioner respectfully prays that the Court reconsider its Opinion, reverse the Seventh Court of Appeals and order a new trial for Petitioner, or remand the case to the Seventh Court of Appeals to determine if sufficient evidence of intent to defraud exists in the record to render the application of the mandatory presumption of such intent harmless.

4

Respectfully submitted by,

\_\_\_\_/S/ Eric Coats_____
Eric Coats
Appellant's Lawyer
SBN: 00783845
1716 S. Polk St.
Amarillo, TX 79102
ecoatslaw@gmail.com

CERTIFICATE OF COMPLIANCE

I hereby certify that this document contains 921 words.

\_\_\_\_/S/ Eric Coats_____
Eric Coats

CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above was delivered to State's

Counsel at jackowen@co.potter.tx.us and to the State Prosecuting Attorney at

information@spa.texas.gov on June 25, 2015.

\_\_\_\_/S/ Eric Coats_____
Eric Coats